

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM R. STARKS,

    Petitioner,

v.                                           Civil Action No. 3:08CV440

CHERYL WILSON, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his conviction in the Circuit Court for the City of Petersburg ("the Circuit Court") for destruction of property and burglary. Petitioner contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim 1 | Counsel did not timely inform Petitioner that a witness for the Commonwealth had passed away before the trial; and, |
| Claim 2 | Petitioner was denied the effective assistance of counsel because:<br>a.    Counsel's cross examination was inadequate, and<br>b.    Counsel was ineffective for failing to properly investigate. |

Respondents have moved to dismiss on the grounds that Petitioner's claims are procedurally defaulted. Petitioner has not filed a response.

## I. PROCEDURAL HISTORY

On December 14, 2006, Petitioner was found guilty of destruction of property and burglary. On February 28, 2007, the Circuit Court sentenced him to a twenty-one year term of incarceration, with fifteen years suspended. On December 19, 2007, the Court of Appeals of Virginia affirmed his conviction. Petitioner did not appeal to the Supreme Court of Virginia.

On May 29, 2008, petitioner filed a petition for a writ of habeas corpus with the Circuit Court. On July 9, 2008, the Circuit Court denied his petition for state habeas relief. Petitioner did not appeal the denial of his state habeas petition. (Hab. Pet. 7, 9.) On July 14, 2008, the Court received Petitioner's § 2254 habeas petition.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)). "A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of

justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Petitioner's claims have not been presented to the Supreme Court of Virginia. The periods for appealing both his state conviction and the denial of his state habeas petition have expired. Va. Code Ann. § 8.01-671. If Petitioner were to attempt now to present his claims to the Supreme Court of Virginia in a new petition, that court would find the claims procedurally barred pursuant to section 8.01-654(B)(2) of the Virginia Code. That statute requires habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus and constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996).

In an apparent attempt to show good cause for his failure to appeal, Petitioner explains that "[a]fter the first [p]etition was turn[ed] down in the Circuit Court of Petersburg, I inform[ed] the Clerk's office that I would like to appeal the findings. I never received word back." (Hab. Pet. 6.) In other sections of his petition, however, Petitioner states that he did not appeal because he "believed [his claims] would receive more attention in a higher court." (Hab. Pet. 7, 9.) The Circuit Court denied his state habeas petition on July 9, 2008, after Petitioner executed his federal petition on June 27, 2008. (Hab. Pet. 16.) Thus, Petitioner's statement that he did not pursue a state collateral appeal because the Circuit Court failed to respond to his request to appeal is "palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005) (holding no evidentiary hearing required where record conclusively established claims lacked merit). Petitioner has failed to establish, as he must, "'that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (*quoting Murray v.*

3

*Carrier*, 477 U.S. 478, 488 (1986)). Accordingly, Petitioner's claims are procedurally defaulted and will be DISMISSED.

Respondents' motion to dismiss (Docket No. 11) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.[1]

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-2-09
Richmond, Virgina

---

[1] Because Petitioner's claims are procedurally defaulted, granting any discovery would be futile. Accordingly, Petitioner's motion for discovery of exculpatory evidence from the Lowery Tire Company (Docket No. 10) will be DENIED.

4